IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis C. Whitt, ) | |
| ) | Cr. No. 1:11-789 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Movant Travis C. Whitt is a federal inmate currently housed at FCI Coleman Low in Coleman, Florida. On August 30, 2013, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. On October 31, 2013, Respondent United States of America (the "government") filed a motion for summary judgment. By order also filed October 31, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a response in opposition to Respondent's motion on January 2, 2014.

I. FACTS AND PROCEDURAL HISTORY

Movant was indicted on July 6, 2011 and charged with conspiracy to possess with intent to distribute and to distribute 280 grams or more of cocaine base; a quantity of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) in and 841(b)(1)(D) (Count 2); possession with intent to distribute and distribution of 28 grams or more of cocaine base and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 (Count 3); possession with intent to distribute a quantity of cocaine base and a quantity of cocaine, in

violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D) (Count 4); use and carrying of a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2 (Count 5); and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count 6).  On January 3, 2012, the government filed an Information pursuant to 21 U.S.C. § 851, notifying Movant that he was subject to increased penalties under 21 U.S.C. §§ 841[1] and 846[2] based on the following convictions:

| | |
|---|---|
| 10/2/2007 | Possession of 28 grams of marijuana or less, 2 years suspended on 16 days and 1 year probation; |
| 03/10/2008 | Possession of cocaine 1st, 2 years suspended on 16 days and 1 year probation; |
| 03/10/2008 | Possession of other controlled substances in Schedule I to V 1st, 6 months suspended on 16 days and 1 year probation. |

ECF No. 109.

Movant initially elected to go to trial.  After a jury was picked, but prior to the commencement of trial, Movant entered a plea agreement to Count 1 of the indictment.  Among other things, Movant stipulated and agreed in the plea agreement that he had at least one prior felony drug conviction that had become final and that the government had filed an Information pursuant to

---

[1] Under 21 U.S.C. § 841(b)(1)(A)(iii), a person who commits a violation of § 841(a) involving 280 grams or more of cocaine base is subject to a statutory mandatory sentence of ten years to life imprisonment.  A person who commits such a violation after a prior conviction for a felony drug offense has become final is subject to a term of imprisonment of not less than twenty years or more than life.

[2] Under 21 U.S.C. § 846, a person who conspires to commit an offense under § 841 is subject to the same penalties as those prescribed for the offense, the commission of which was the object of the conspiracy.

§ 851. Movant agreed not to contest the information. ECF No. 167, ¶ 11. The court accepted Movant's change of plea on April 9, 2012.

The United States Probation Office (USPO) prepared a presentence investigation report (PSR). Movant was held accountable for 1,498.84 grams of cocaine base; 142.27 grams of cocaine; and 102.49 grams of marijuana; and 2.75 grams of MDMA, for a marijuana equivalent of 5,382.28913 kilograms of marijuana. Movant had a base offense level of 34. He received a two-level enhancement for possessing a dangerous weapon (U.S.S.G. § 2D1.1(b)(1)) and a two-level enhancement for being an organizer, leader, manager, or supervisor (U.S.S.G. § 3B1.1(c)). Movant received a three-level reduction for acceptance of responsibility, for a total offense level of 35. Movant was assessed one criminal history point, for a criminal history category of I. Movant's range under the United States Sentencing Guidelines was 168 to 210 months incarceration. However, because Movant had a prior felony drug offense, his mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) increased from 120 months to 240 months incarceration.

Counsel interposed the following objection:

> I have had an opportunity to review the Presentencing Investigation Report with my client, Mr. Whitt, and we object to paragraph sixty (60) of the Presentencing Investigation Report in that it is unfair and unnecessary to [assess] two (2) points against the defendant for counts that have been dismissed by the Government.

ECF No. 212-1, 2.

Movant appeared for sentencing on August 30, 2012. The court overruled Movant's objection to the PSR, relying on United States v. Watts, 519 U.S. 148 (1997) (holding that a sentencing court may consider conduct of which a defendant has been acquitted), and United States v. Witte, 515 U.S. 389 (1995) (noting that uncharged criminal conduct may be used to enhance a

sentence). The court sentenced Movant to incarceration for a period of 240 months. Judgment was entered on September 7, 2012. Movant filed a notice of appeal, but voluntarily dismissed the appeal pursuant to Fed. R. App. P. 42(b). ECF No. 233. On May 15, 2013, the government filed a motion to reduce sentence pursuant to Fed. R. Crim. P. 35(b). The court granted the motion and sentenced Movant to imprisonment for 204 months. An amended judgment was entered on June 24, 2013.

Movant raises the following issues in his § 2255 motion:

GROUND ONE: Ineffective assistance of counsel. Counsel for [Movant] rendered ineffective assistance during pretrial, plea negotiations, trial, sentencing, and appeal. Counsel's ineffective assistance amounted to a Constitutional violation and significantly affected the outcome of [Movant's] conviction, sentence and appeal. [Movant] claims that the instances of ineffectiveness occurred during pretrial, plea negotiations, trial, sentencing and direct appeal.

GROUND TWO : Moncrieffe violation. [Movant's] 21 U.S.C. § 851 sentence enhancement violations Moncrieffe v. Holder, 133 S. Ct. 1678 (2013). [Movant's] § 851 enhancement has been improperly applied because the prior state conviction is considered a misdemeanor under Moncrieffe.

GROUND THREE: Alleyne/Apprendi violation. [Movant's] sentence has been imposed in violation of Alleyne v. United States, ___ S. Ct. ___, 2013 WL 2922116 (June 17, 2013) and/or Apprendi v. New Jersey, 530 U.S. 466 (2000) as clarified by Alleyne. [Movant's] statutory minimum sentence has been increased based on facts not admitted to by [Movant] neither found by a jury.

ECF No. 257, 3-4.

## II. DISCUSSION

A.     Ineffective Assistance of Counsel (Ground One)

Movant argues that trial counsel was ineffective (1) in advising Movant to sign the plea agreement and enter a plea of guilty; (2) in advising Movant that he could not challenge his state court convictions; (3) in failing to raise on direct appeal the court's failure to comply with the requirements of § 851(b); and (4) failing to challenge the § 851 enhancement. To prove ineffective

assistance of counsel, Movant must show that trial counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694.

In Hill v. Lockhart, 474 U.S. 52, 58-59 (1985), the Supreme Court held that, in order to prove ineffective assistance of counsel subsequent to a guilty plea, a movant must show that (1) counsel's errors were below a standard of reasonable competence, and (2) but for those errors, the movant would not have pleaded guilty but would have proceeded to trial. "A guilty plea is constitutionally valid if it represents a voluntary and intelligent choice among the alternative choices of action open to the defendant." United States v. Roberts, 426 F. App'x 195, 196 (4th Cir. 2011) (quoting United States v. Moussaoui, 491 F.3d 263, 278 (4th Cir. 2010)) (internal quotation marks omitted).

1.     Advice to enter plea agreement and failure to challenge enhanced sentence. At the bottom of these ineffective assistance of counsel claims is his contention that the convictions listed on the § 851 Information are misdemeanor convictions under South Carolina law, and therefore do not subject him to an enhanced mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). The

5

court disagrees.[3]

In Burgess v. United States, 553 U.S. 124 (2008), the Supreme Court held that a "felony drug offense," as that term is used in § 841(b)(1)(A), means an offense that is punishable by imprisonment for more than one year, whether or not the offense arises under state or federal law. The Court determined that the purpose of adopting this definition was to "bring a measure of uniformity to the application of § 841(b)(1)(A) by eliminating disparities based on divergent state classifications of offenses." Id. at 1579-80. The actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment. United States v. Thompson, 480 F. App'x 201, 204 (citing United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)).

At the time of Movant's offense on September 14, 2007, S.C. Code Ann. § 44-53-370(c) made it unlawful for any person to knowingly or intentionally possess a controlled substance, unless the substance was obtained directly from, or pursuant to a valid prescription or order of, a medical practitioner. A person found guilty of possessing cocaine was guilty of a misdemeanor and, upon conviction, was subject to imprisonment of not more than three years or a fine of not more than five thousand dollars, or both. Id. § 44-53-370(d)(3).[4]

---

[3] The USPO was unable to fully substantiate the charge and sentence as to the October 2, 2007 charge for simple possession of marijuana. See ECF No. 212, ¶ 46. Further, the possession of "other controlled substances" in the Information, which was 11 dosages of MDMA (Ecstasy) (see ECF No. 212, ¶ 47), carried a sentence of not more than six months or a fine of not more than one thousand dollars, or both. S.C. Code Ann. § 44-53-370(d)(2). The PSR listed only the possession of cocaine conviction for which Movant was sentenced on March 10, 2008 as a prior felony drug conviction under 21 U.S.C. § 851. The court shall address only Movant's prior conviction for possession of cocaine as satisfying the "prior drug offense" for purposes of increasing Movant's statutory minimum sentence from 120 months to 240 months.

[4] Section 44-53-370 has been substantially amended since Movant was sentenced.

6

Movant contends that the possession of cocaine charge should not be used to subject him to a higher penalty under § 841(b)(1)(A) because he was sentenced to only sixteen days imprisonment and one year of probation. Relying on <u>Carachuri-Rosendo v. Holder</u>, 560 U.S. 563 (2010); <u>United States v. Powell</u>, 691 F.3d 554 (4th Cir. 2012); and <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), Movant contends that he could not have actually received a sentence of imprisonment in excess of one year because he had at that time only a single prior conviction for possession of marijuana, such that his criminal history would not support a sentence in excess of one year.

Movant's argument is belied by the fact that he was sentenced to two years incarceration, which was suspended to sixteen days imprisonment and probation for a period of one year. Had Movant violated the terms of his probation, his probation could have been revoked and he would have been subject to a two-year term of incarceration. <u>See</u> S.C. Code Ann. § 24-21-460. Further, unlike the sentencing schemes addressed in <u>Carachuri-Holder</u>, <u>Powell</u>, and <u>Simmons</u>, section 44-53-370(d)(3), does not rely on recidivism to impose a penalty in excess of one year in prison; under section 44-53-370(d)(3), Movant was subject to in excess of one year's incarceration for a first offense.

Based on the court's conclusion that Movant's prior state court conviction qualified as a prior felony drug offense for purposes of § 841(b)(1)(A), the court concludes that trial counsel's performance was not deficient in advising Movant to enter a plea agreement or for failing to challenge the prior conviction as not sufficient to constitute a conviction for a prior felony drug offense for purposes of § 841(b)(1)(A).

2.     <u>Failure to challenge prior state court convictions</u>. Movant contends that trial counsel misadvised him that Movant's prior state court offenses were not subject to challenge. Pursuant to

7

§ 851(c):

> (c) Denial; written response; hearing
>
> (1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1) of this section. The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.
>
> (2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

Movant does not contest the fact of his prior convictions. Rather, Movant asserts that he would have raised "actual innocence" because the substances to which he pleaded guilty (cocaine and MDMA) had been found inside the home of a person he was visiting, and he had no knowledge that the drugs were inside the home. Movant also contends that his state court plea was not knowing and voluntary because he did not recall the state court judge advising him of his constitutional rights or the statutory maximum penalty to which he was subject. ECF No. 270-1, ¶ 3. Movant states that he discussed disputing the state court convictions with trial counsel, but that trial counsel informed him the state court convictions were no longer challengeable. Id. ¶ 5.

There is a presumption of regularity afforded final criminal judgments. United States v. Pickens, 546 F. App'x 170, 171 (4th Cir. 2013) (citing Parke v. Raley, 506 U.S. 20, 29 (1992)). A finding that a presumptively valid state court criminal conviction should be treated in a federal criminal proceeding as constitutionally invalid is "not a decision to be taken lightly." United States v. Jones, 977 F.2d 105, 109 (4th Cir. 1992). Thus, in challenging a prior conviction, a defendant must offer more than self-serving testimony on an issue. Id. at 110. The defendant must "identify the anticipated means by which proof of invalidity will be attempted–whether by documentary evidence, including state court records, testimonial evidence, or a combination[.]" Id.

Here, Movant was represented in his state court proceeding by counsel. The transcripts from Movant's state court guilty plea and sentencing have been destroyed. ECF No. 270-1, ¶ 10. Movant failed to raise on direct appeal or post-conviction relief in state court any infirmities with respect to his guilty plea or sentence. The court cannot say that trial counsel's decision not to challenge Movant's state court convictions was outside the wide range of professionally competent assistance to which Movant was entitled under the Sixth Amendment.

3.      Failure to raise on appeal court's failure to comply with 21 U.S.C. § 851(b). Section 851(b) provides:

(b) Affirmation or denial of previous conviction

If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

This procedure provides the defendant with a full and fair opportunity to establish that he

9

is not the previously convicted individual or that the conviction is an inappropriate basis for enhancement under § 841. United States v. Campbell, 980 F.2d 245, 252 (4th Cir. 1992).

The government reviewed the plea agreement during the change of plea hearing, including paragraph 11, which recited that Movant stipulated to having at least one prior felony drug conviction that had become final; that the Information filed by government had provided adequate service and notice that Movant was subjected to a mandatory minimum term of imprisonment; and that Movant agreed not to contest the Information. ECF No. 167, ¶ 11. The court inquired of Movant whether he agreed he had one prior felony drug conviction, to which Movant replied, "Yes." ECF No. 227, 18. The court did not, however, inform Movant as to whether any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence, as required by § 851(b).

Assuming for purposes of summary judgment that trial counsel was ineffective for failing to raise on appeal the court's neglecting to warn that a challenge to his prior conviction must be raised prior to sentencing, the court does not discern prejudice. For the reasons set forth above, Movant has not established grounds for challenging his prior convictions. Movant's Ground One is without merit, and the government's motion for summary judgment is granted as to Movant's ineffective assistance of counsel claims.

B.     Moncrieffe violation (Ground Two)

Movant argues that none of his prior drug convictions qualifies as a felony conviction under the Supreme Court's holding in Moncrieffe v. Holder, 133 S. Ct. 1678 (2013). The court disagrees.

The question presented in Moncrieffe was whether a state criminal statute that extends to the social sharing of a small amount of marijuana could constitute an "aggravated felony" for purposes

of the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1101 et seq. Any alien who is convicted of an aggravated felony at any time after admission to the United States is deportable. Id. § 1227(a)(2)(A)(iii). As relevant to Movant's § 2255 motion, included in the definition of the term "aggravated felony" is "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)[.]" 8 U.S.C. § 1101(a)(43)(B). Under 18 U.S.C. § 924(c)(2), the term "drug trafficking crime" includes any felony punishable under the Controlled Substances Act, 21 U.S.C. § 801 et seq. (CSA). A "felony" is an offense for which the maximum term of imprisonment authorized is more than one year. 18 U.S.C. § 3559(a)(5). See Moncrieffe, 133 S. Ct. at 1683.

The Court observed that it had employed a categorical approach to determining whether a state conviction qualifies as an "aggravated felony" under the INA. Under this approach, the Court looks at whether the state statute defining the crime of conviction categorically fits within the "generic" federal definition of a corresponding aggravated felony. Id. at 1684. To satisfy the categorical approach, "a state drug offense must meet two conditions: It must 'necessarily' proscribe conduct that is an offense under the CSA, and the CSA must 'necessarily' prescribe felony punishment for that conduct." Id. at 1685. Stated differently, "not only must the state offense of conviction meet the 'elements' of the generic federal offense defined by the INA, but the CSA must punish that offense as a felony." Id. at 1687.

In Moncrieffe, the petitioner had pleaded guilty to possession of marijuana with intent to distribute, in violation of Ga. Code Ann. § 16-13-30(j)(1). The Court observed that possession with intent to distribute marijuana is both a state and federal crime. However, the Court found that the Georgia conviction could correspond to either a felony or misdemeanor under the CSA, depending

11

upon the amount of marijuana involved. The Court concluded that, because Moncrieffe's conviction for distribution of marijuana failed to establish that the offense involved more than a small amount of marijuana, the conviction did not qualify as an aggravated felony under the INA. Id. at 1693-94.

Movant urges that, under Moncrieffe, the court should apply a categorical approach to determine whether his conviction under S.C. Code Ann. § 44-53-370(d)(3) qualifies as a felony under the CSA. However, as the government argues, Moncrieffe has no application to Movant's enhancement under § 841(b)(1)(A). Rather, Movant's state court conviction constitutes a "felony drug offense" under 21 U.S.C. § 802(44) of the CSA, i.e., "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State[.]" Movant's Ground Two is without merit, and the government's motion for summary judgment is granted as to Movant's Moncrieffe claim.

C.     Alleyne/Apprendi violation (Ground Three)

Movant asserts that the court determined the drug quantity of 280 grams of cocaine base over his objection and in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 133 S. Ct. 2151 (2013). The court disagrees.

In Apprendi, the Supreme Court held that any fact that increases the statutory maximum sentence and not admitted by a defendant must be found by a jury beyond a reasonable doubt. In Alleyne, the Court determined that, consistent with Apprendi, any fact that, by law, increases a mandatory minimum sentence is an "element" that must be submitted to the jury, unless admitted by the defendant. According to the Court, "[t]he essential point is that the aggravating fact produce[s] a higher range, which, in turn, conclusively indicates that the fact is an element of a distinct and aggravated crime. It must, therefore, be submitted to the jury and found beyond a

12

reasonable doubt." Alleyne, 133 S. Ct. at 2162-63.

Alleyne is inapplicable to this case because the court did not undertake to find any facts not charged in the indictment that would increase the mandatory minimum sentence. Movant pleaded guilty to Count 1 of the indictment, which charged a conspiracy involving 280 grams or more of cocaine base. See ECF No. 2 (Indictment); ECF No. 167, ¶ 1 (Plea Agreement); ECF No. 227, 12-13, 23 (Change of Plea Transcript). Movant's statutory mandatory minimum sentence of 120 months incarceration was increased to 240 months incarceration because of a prior felony drug offense, as set forth in 21 U.S.C. § 841(b)(1)(A). Movant stipulated in the plea agreement to having at least one prior felony drug conviction that had become final. ECF No. 167, ¶ 11; see ECF No. 227, 18. To the extent the court engaged in fact-finding with respect to Movant's prior felony drug offense, Alleyne did not overturn the general rule that the fact of a prior conviction is a sentencing factor and not an element of the offense. See Almendarez-Torres v. United States, 523 U.S. 224 (1998). Movant's Ground Three is without merit, and the government's motion for summary judgment is granted as to Movant's Alleyne claim.

### III. CONCLUSION

For the reasons stated, the government's motion for summary judgment (ECF No. 266) is **granted**. Movant's ¶ 2255 motion (ECF No. 257) is **denied and dismissed, with prejudice**.

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise

debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

February 23, 2015

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**